52 F.3d 322
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Ricky BROGSDALE, Defendant-Appellant.
 No. 94-5605.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 17, 1995.
Decided April 20, 1995.
 
 Gregory B. English, ENGLISH & SMITH, Alexandria, Virginia, for Appellant.
 Helen F. Fahey, United States Attorney, Andrew G. McBride, Assistant United States Attorney, Jeffrey R. Schwartz, Special Assistant United States Attorney, Alexandria, Virginia, for Appellee.
 Before NIEMEYER, LUTTIG, and MICHAEL, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Ricky Brogsdale, an inmate at the Lorton Reformatory ("Lorton"), appeals from his conviction after a jury trial on charges that he assaulted two correctional officers. Finding no error, we affirm.
 
 
 2
 * The Government's evidence established that on May 17, 1993, as Correctional Officer Jones attempted to escort Brogsdale from his cell to the control center at Lorton, Brogsdale assaulted her with a fountain pen, kicked her several times, and threatened to kill her. Brogsdale also assaulted another officer who came to Jones's aid.
 
 
 3
 Brogsdale testified that he did not assault Officer Jones. According to Brogsdale, Jones was trying to get him in trouble because he had witnessed Jones selling drugs to other inmates. To support this defense, Brogsdale attempted to elicit testimony from Jones concerning whether she was aware that other correctional officers had previously been convicted of dealing drugs at Lorton. Brogsdale also sought to call an FBI agent to testify about his knowledge of drug dealing by correctional officers at Lorton. The trial court permitted Brogsdale to ask Jones whether she had dealt drugs at Lorton; however, the court ruled that any further testimony about drug dealing at Lorton in general was inadmissible as irrelevant. These evidentiary rulings form the basis for the present appeal.
 
 II
 
 4
 Relevant evidence is defined as that "having the tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401. Trial courts have broad discretion in ruling on questions of relevancy. United States v. Zandi, 769 F.2d 229, 237 (4th Cir.1985) (citing Hamling v. United States, 418 U.S. 87, 124-25 (1974)). Accordingly, we review a district court's exclusion of evidence for abuse of that discretion. See United States v. Grooms, 2 F.3d 85, 88 (4th Cir.1993), cert. denied, 62 U.S.L.W. 3690 (U.S.1994).
 
 
 5
 Brogsdale argues that the district court abused its discretion in relation to three rulings, each of which sustained the Government's relevancy objection to evidence concerning drug dealing by correctional officers at Lorton. Brogsdale argues on appeal that such evidence was relevant in that it corroborated his own testimony that Jones was motivated to fabricate the assault story because she knew that Brogsdale had witnessed her dealing drugs. Accordingly, Brogsdale argues that the jury was prevented from understanding the conditions at Lorton and they would, therefore, never believe Brogsdale's testimony about Jones's involvement with drugs.
 
 
 6
 We reject Brogsdale's argument because the district court permitted Brogsdale to question Officer Jones about whether she had ever dealt drugs at Lorton. Although Jones denied such a charge, Brogsdale does not argue that he was prevented from impeaching Jones with specific testimony that she did in fact sell drugs to inmates. Evidence of prior incidents of drug dealing by correctional officers who were totally unconnected to the present prosecution did not have any tendency to make it more probable that Jones sold drugs. Hence, the district court acted within its discretion to exclude this testimony.
 
 
 7
 Brogsdale's conviction is, accordingly, affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 AFFIRMED